# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

MARCUS THADDAUES CARTER                                                      PLAINTIFF

VERSUS                              CIVIL ACTION NO. 1:08-cv-1354-HSO-JMR

JACKSON COUNTY, et al.                                                       DEFENDANTS

## ORDER AND REASONS

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 on October 22, 2008. On December 17, 2008, an Order [7] was entered in this action directing Plaintiff to file a written response to provide specific information to the Court. The Order directed Plaintiff to file his response on or before January 7, 2009. The Order [7] warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice. The Order [7] was mailed to the Plaintiff at his last known address. The envelope [8] containing the Order [7] entered on December 17, 2008, was returned to this Court on December 29, 2008, by the postal service with a notation "return to sender - unable to deliver or forward."

Out of an abundance of caution, on January 21, 2009, an Order [9] was entered directing Plaintiff to show cause, on or before February 4, 2009, why this case should not be dismissed for his failure to timely comply with the Court's Order [7] of December 17, 2008. The Show Cause Order [9] warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without

further notice. The Show Cause Order [9] was mailed to the Plaintiff at his last known address. On February 2, 2009, the envelope [10] containing the Show Cause Order [9] entered on January 21, 2009, was returned to this Court by the postal service with a notation "return to sender - unable to deliver or forward." Plaintiff has not complied with the Orders of this Court nor has he advised this Court of his current address.

Plaintiff failed to comply with two Court Orders and he has not contacted this Court since November 25, 2008. This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since Defendants have never been called upon to respond to Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the

Court's Order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith,* No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Order will be entered.

SO ORDERED, this the 23rd day of February, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE